No. 36,351

Donald R. McKellar and Mavis McKellar, *Appellants*, v. E. L. Brubaker and Sara A. Brubaker, *Appellees*.

(163 P. 2d 358)

Opinion filed November 10, 1945.

*H. W. Harper,* of Junction City, and *Harry K. Allen,* of Topeka, argued the cause, and *L. M. Ascough,* of Topeka, was on the briefs for the appellants.

*I. M. Platt,* of Junction City, argued the cause, and *Roy W. Cliborn,* of Junction City, was on the briefs for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action for damages alleged to have been sustained when the defendants failed to carry out a contract they had entered into with plaintiffs for the sale of real estate. Judgment was for defendants sustaining their demurrer to plaintiffs' petition. The plaintiffs have appealed.

The plaintiffs as vendors entered into a contract in writing with defendants as vendees on June 26, 1944. By the terms of this contract defendants agreed to pay $6,000 for a house and lot. The terms were the assumption by defendants of a mortgage for $3,243.47, the payment of $2,400 in cash on the date of the contract, and $50 on the first of every month thereafter until the remaining $356.53 was paid. Plaintiffs agreed to execute a warranty deed to the property and to furnish defendants with an abstract of title showing merchantable title in themselves. Defendants were to have possession on or before August 1, 1944.

The contract then contained the following paragraphs:

"Time is of the essence of this contract and if second parties shall fail to pay the aforesaid sums, or any of them, at the times when same shall become due and payable, then thereupon said contract shall forthwith terminate, and the sums·of money that shall theretofore be paid by second parties to first parties shall be deemed to be rental payments and liquidated damages, and first parties shall have the right to the possession of said premises thirty (30) days after notice to vacate."

The petition set out this contract and alleged:

"Plaintiffs further allege and state that said defendants, and each of them, have failed, neglected and refused to make any of the payments called for by the terms of said contract and have failed, neglected and refused to perform same, and that plaintiffs have been damaged thereby in the sum of $1,750."

The prayer was for damages in the amount of $1,750. Defendants demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action.

Plaintiffs argue here that the clause about time being of the essence of the contract was for their benefit and since nothing at all was paid by defendants pursuant to it, the clause never became effective and could be waived by them and an action maintained for general damages. Various authorities are cited wherein we have held that where the meaning of a contract is plain and unambiguous it must be enforced according to its terms.

Defendants argue that under the provisions in the contract plaintiffs could retain the amount of payments made as provided for in the contract and no greater amount and since nothing was paid by the defendants pursuant to this paragraph nothing may be recovered by plaintiffs.

The paragraph of the contract, which has been quoted herein, provides that if second parties should fail to make any payment at the times when they should become due the contract should forthwith terminate. The petition alleges just such a situation, that is, the defendants failed to pay the $2,400 when it was due. Both parties rely on what was said in *Hazelton v. Chaffin*, 109 Kan. 175, 197 Pac. 870, to the effect that where the meaning of a contract is plain and unambiguous it must be enforced according to its terms. That rule compels us to hold that the failure of the defendants to pay the $2,400, as alleged in the petition, terminated the contract.

The books are full of cases where courts have interpreted contracts similar to this one and have passed on the matter whether

the sum paid pursuant to it was liquidated damages or a penalty so that the amount of recovery was the actual damages sustained. We would have such a case here if defendants had paid the $2,400 provided for and no more. In such cases courts examine the provisions of the particular contract in question in the light of all the surrounding facts and circumstances. We do not have such a case here, however. The contract states in clear and unmistakable terms that if defendants failed to pay any of the sums for the payment of which the contract provided the contract should terminate. The very next clause in the contract to the effect that payments theretofore made should be considered as rent is persuasive that the parties contemplated that in case of a failure of payment the contract for the sale of real estate should cease to exist—hence there could be no action for damages on account of the breach.

The judgment is affirmed.